IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MATTHEW CHANNON,

    Plaintiff,

vs.                                                        Civ. No. 24-1124 WJ/SCY

LIBERATION DISTRIBUTION, LLC; and
INSPERITY, INC., d/b/a ADMINISTAFF
COMPANIES, INC. GP LTD,

    Defendants.

## ORDER REGARDING PLAINTIFF'S DISCOVERY MOTIONS

This matter comes before the Court on (1) Plaintiff's Motion to File Under Seal and for Service of Subpoenas by U.S. Marshals, Doc. 48; and (2) Plaintiff's Motion for Additional Discovery, Doc. 53. Defendants opposed the motion for service of subpoenas, Doc. 52, but did not file a response to the motion for additional discovery. For the reasons set forth below, the Court denies the motion for service of subpoenas but grants the motion for additional discovery.

    A.    <u>Motion for Service of Subpoenas</u>

Plaintiff filed a motion under seal (Doc. 48) and filed a redacted version publicly (Doc. 49). In the motion, Plaintiff requests U.S. Marshals' service of enclosed deposition subpoenas for "witnesses whose testimony may be relevant" to issues in this case. Doc. 48 at 1. "For privacy reasons and to protect the integrity of Plaintiff's phased litigation strategy, this filing is submitted under seal." *Id.* The redacted version of the motion does not contain the witness names. Doc. 49.

The Court denies the request to seal the motion. When analyzing a motion to seal, a court begins with a "strong presumption in favor of public access." *U.S. v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020). The party seeking to seal "bears the burden of showing some significant interest that outweighs the presumption." *U.S. v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (citation

omitted). The court's decision is "necessarily fact-bound," to be made "in light of the relevant facts and circumstances of the particular case." *U.S. v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985). Although courts have discretion in this matter, *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 599 (1978), the party seeking to seal bears a "heavy burden," *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1136 (10th Cir. 2011).

Plaintiff's motion does not address the public interest in judicial proceedings. Moreover, Plaintiff's already heavy burden is made even heavier by the fact that, in addition to seeking to bar the public from learning about the witnesses in this case, Plaintiff seeks to bar Defendants from knowing that deposition subpoenas have been issued and to whom.

Plaintiff's request is contrary to the Federal Rules of Civil Procedure, which provide that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). The rules "were designed to make pretrial and discovery uniform across the country and to prevent 'trial by ambush'." *Smith v. Ford Motor Co.*, 626 F.2d 784, 797 (10th Cir. 1980). Under the rules, Plaintiff has no interest in keeping his litigation strategy a secret, much less an interest in doing so that outweighs Defendants' interests. And a civil defendant has an extremely high interest in learning, before trial, what evidence will be presented against him during trial. Indeed, a primary purpose of civil discovery is to allow each party to learn, in advance of trial, what evidence the other party will present during trial. *See Schlagenhauf v. Holder*, 379 U.S. 104, 114-15 (1964) ("the deposition-discovery rules are to be accorded a broad and liberal treatment, to effectuate their purpose that civil trials in the federal courts no longer need be carried on in the dark" (cleaned up)). Here, Plaintiff seeks a Court order barring Defendants he has sued from learning about evidence he intends to present against them. Plaintiff cites no legal authority in support of such a request.

In addition to providing notice to the other side, the party serving the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). This requires that Plaintiff first confer with the witness in question—through counsel if the witness is represented by counsel—to consult on mutually agreeable dates and locations for the deposition. This conferral must take place with Defendants' participation, given that Defendants have a right to attend the depositions in question. Only if this process fails should Plaintiff file a motion for relief with the Court. There is no indication in the record that Plaintiff has engaged in any step of this process.

Finally, Plaintiff must justify the use of U.S. Marshals Service resources by making a showing of relevancy. *Gregg v. Clerk of the U.S. Dist. Court*, 160 F.R.D. 653, 654 (N.D. Fla. 1995) (a party seeking service of process by the Court must demonstrate that "he has a clear, non-discretionary right to the issuance of subpoenas"); *Windsor v. Martindale*, 175 F.R.D. 665, 672 (D. Colo. 1997) ("[R]equests for service by the United States Marshals Service will require a determination by the Court as to relevance of requested materials . . . . Absent such a showing, the United States Marshals Service will not be directed to serve such documents."). Plaintiff does not explain the relevance of the witnesses' testimony in his motion. Indeed, Plaintiff does not give any detail at all about the expected substance of the witnesses' testimony.

Therefore, the Court DENIES the motion in full and orders the Clerk's Office to UNSEAL Document 48.

B.  Motion for Additional Discovery

Plaintiff filed a motion for leave to serve a second set of discovery of up to 25 interrogatories, 25 requests for production, and 25 requests for admission, in addition to the discovery Plaintiff already served. Doc. 53. Defendants did not file a response to this motion and their time to do so has expired. *See* D.N.M. LR-Civ. 7.4(a); *see also* Doc. 66 (Plaintiff's notice of

3

completion of briefing, filed August 1, 2025, observing that Defendants had not filed a response). Additionally, Defendants filed no indication on the docket that Plaintiff's notice of briefing complete was erroneous. "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). Because Plaintiff's request to serve additional discovery is deemed unopposed, the Court GRANTS the request. Plaintiff may serve a second set of discovery of up to 25 interrogatories, 25 requests for production, and 25 requests for admission, in addition to the discovery Plaintiff already served.

    **IT IS SO ORDERED.**

                                                **STEVEN C. YARBROUGH**
                                                **UNITED STATES MAGISTRATE JUDGE**