IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MATTHEW CHANNON,

    Plaintiff,

vs.                                                                     Civ. No. 24-1124 WJ/SCY

LIBERATION DISTRIBUTION, LLC et al.,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND GRANTING
DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

This matter comes before the Court on two cross-motions: (1) Defendants' Motion for Protective Order, Doc. 85; and (2) Plaintiff's Motion To Compel, Doc. 89. The Court grants Defendants' motion and denies Plaintiff's motion.

As background, on July 17, 2025, Plaintiff filed a motion for leave to serve a second set of discovery of up to 25 interrogatories, 25 requests for production, and 25 requests for admission, in addition to the discovery Plaintiff already served. Doc. 53. Defendants did not file a response to this motion, and on August 18, the Court granted it under Local Rule 7.4(a), which states that a failure to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion. Doc. 73 at 3-4.

In their motion for a protective order, Defendants explain:

> Defendants did not file a Response to Plaintiff's Motion for Leave to Serve Additional discovery requests as Plaintiff and Defendants had been in communication on working out discovery issues. On June 21, 2025, Plaintiff emailed Defendants' counsel with a draft motion to withdraw request to serve additional discovery requests (Exhibit 1). Subsequently, Plaintiff informed Defendants' counsel on July 25, 2025, that he had finalized the Notice of Withdrawal of Plaintiff's Motion for Leave to Serve Additional Discovery Requests, that a hard copy with signature had been mailed to the Court (Exhibit 2).

Doc. 85 at 2.

Defendants attach an email from Plaintiff, sent on Friday July 25, 2025 at 11:03 PM, in which Plaintiff wrote:

> Dear Mr. Shelley,
>
> As promised, please find attached the notice of withdrawal. I was out of town with my son earlier this week, so I appreciate your patience — it took some juggling to get this finalized and out the door amidst the travel.
>
> A hard copy – with signature – has been dropped in the mail and should be received by the clerk Tuesday at the latest.
>
> Let me know if you have any questions or if anything further is needed from me at this stage.
>
> Excelsior,
> Matt Channon
> Pro Se Plaintiff

Doc. 85-2 at 1. Defendants also attach a copy of a pleading, with this case caption, titled "Plaintiff's Notice of Withdrawal of Motion for Leave to Serve Additional Discovery Requests." Doc. 85-2 at 2. The pleading bears Plaintiff's signature block and includes a certificate of service that states: "I HEREBY CERTIFY that on the 25st day of July, 2025, I caused the foregoing to be emailed and/or mailed using the US Postal Service, to the District Court Clerk . . . ." Doc. 85-2 at 3.

However, there is no Notice of Withdrawal of the Motion on the docket. Instead, on August 1, Plaintiff filed a Notice of Completion of Briefing in Support of Motion for Leave to Serve Additional Discovery Requests. Doc. 66. This notice did not acknowledge Plaintiff's prior stated intent to withdraw the motion for leave. Quite the opposite: it stated that "As of August 1, 2025, Defendants have filed no response in opposition to the motion, and the 14-day response period under D.N.M.LR-Civ. 7.4(a) has expired. Therefore, briefing on the motion is complete." *Id.*

Based on this representation that briefing was complete and the motion was ready for decision, the Court filed its order granting the motion for additional discovery on August 18. Doc. 73. Subsequently, Plaintiff served a second set of discovery on October 7. Doc. 85 at 2. Defendants moved for a protective order for relief from responding to the additional discovery, noting that their failure to respond was due solely to Plaintiff's representation that he had withdrawn the motion for discovery. *Id.*

In briefing on the present motion for a protective order, Plaintiff does not contend that he did mail the notice of withdrawal on July 25. Rather, Plaintiff attempts to nullify his prior July 25 email representation to opposing counsel that he already mailed a notice of withdrawal. In his response filed with this Court, Plaintiff states:

> Defendants attempt to justify their non-opposition to Plaintiff's motion for leave (Doc. 53) by pointing to informal emails about a possible withdrawal.

Doc. 88 at 5.

As demonstrated by the email and the attachment to Defendants' motion (Doc. 85-2), this is simply false. Plaintiff did not send an informal email to discuss a "possible" withdrawal. He represented that he had *already* mailed an official filing to the Clerk of Court. And, he attached what appears to be a pleading, with this case's caption and Plaintiff's signature block and a certificate of service, officially withdrawing the motion. Doc. 85-2 at 1-2.[1]

In other words, Plaintiff made a false representation to defense counsel by email on July 25, made a false representation to the Court that the motion for additional discovery was ready

---

[1] In his Reply in support of his motion to compel, Plaintiff acknowledges that he emailed a draft withdrawal to Defendants on July 21 and that, on July 25, he Defendants an email representing that "a signed hard copy has been dropped in the mail and should be received by the clerk Tuesday at the latest . . . ." Doc. 93 at 2 (internal quotation marks omitted).

for decision on August 1, and made more false representations to the Court in briefing on the present motions that Plaintiff's prior emails concerned only a "possible" or "draft" withdrawal. Doc. 88 at 5; Doc. 93 at 2 ("Whatever Plaintiff may have intended in July, the Court's August 18 Order is not undone by unfiled drafts.").

Notably, Plaintiff does not dispute that, despite representing that he would withdraw the motion for additional discovery, he never did. Doc. 88 at 5; Doc. 93 at 2. Plaintiff does not address why he represented in emails to defense counsel that the notice was *already in the mail*, rather than calling it a draft that had yet to be mailed. And, troublingly, he does not appear to understand the problem with making false representations to opposing counsel. Doc. 88 at 5; Doc. 93 at 2.

The Court system relies on candor from the parties, whether represented by counsel or pro se. The truth-seeking function of the Court is thwarted when a party makes deliberate misrepresentations to opposing counsel and to the Court. Plaintiff's misrepresentations are sanctionable under Rule 11 of the Federal Rules of Civil Procedure. The Court warns Plaintiff that if he commits another misrepresentation to opposing counsel or the Court, his case will be dismissed. *See Webb v. Claimetrics Mgmt., LLC*, 412 F. App'x 107, 109 (10th Cir. 2011) (affirming dismissal of a pro se lawsuit as a sanction for making misrepresentations).

The Court grants Defendants' motion for a protective order and denies Plaintiff's motion to compel. Defendants' failure to respond to the motion for additional discovery was the sole ground for the Court granting the motion for leave. Because Defendants failed to respond due to Plaintiff's misrepresentation that he had already withdrawn the motion for additional discovery, the Court agrees that the basis for the order granting the motion is invalid. Defendants are not

4

required to respond to Plaintiff Matthew Channon's Second Set of Interrogatories, Requests for Production and Requests for Admissions.

The Court acknowledges that Plaintiff represented only that he intended to withdraw the motion for additional discovery "for the purpose of reducing unnecessary motion practice while broader case management issues are addressed" and that Plaintiff "expressly reserve[d] the right to renew the request should circumstances warrant it." Doc. 85-2 at 2. The Court agrees that Plaintiff may renew his motion for leave to serve additional discovery, if he chooses.

THEREFORE, IT IS ORDERED THAT Defendants' Motion for Protective Order, Doc. 85, is GRANTED; and Plaintiff's Motion To Compel, Doc. 89, is DENIED.

**SO ORDERED.**

                                          **STEVEN C. YARBROUGH**
                                          **UNITED STATES MAGISTRATE JUDGE**