## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MATTHEW CHANNON,

       Plaintiff,

      vs.                                 Civ. No. 24-1124 WJ/SCY

LIBERATION DISTRIBUTION, LLC; and
INSPERITY, INC., d/b/a ADMINISTAFF
COMPANIES, INC. GP LTD,

       Defendants.

### ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL AND
### GRANTING MOTION TO EXTEND SCHEDULING ORDER DEADLINES

This matter comes before the Court on (1) Defendants' Motion To Compel Plaintiff's

Disclosures Under D.N.M. LR-Civ. 26.3(d), Doc. 75; and (2) Defendants' Motion To Extend

Pending Pretrial Deadlines, Doc. 76. Plaintiff opposes both motions. The Court will grant in part

and deny in part the motion to compel, and will grant the motion to extend deadlines.

**I.     Background**

Defendants argue that Plaintiff has not satisfied his initial disclosure obligations under the

Local Rules. Specifically, Defendants move to compel:

- A list of the name, address and phone number of any healthcare provider, including without limitation, any physicians, dentists, chiropractors, mental health counselors, clinics and hospitals which have treated the party within the last five years preceding the date of the occurrence set forth in the pleadings and continuing through the current date, as required to be included in Plaintiff's initial disclosures under D.N.M. LR-Civ 26.3(d)(1); [and]

- A signed authorization to release medical records form for each healthcare provider identified, substantially identical to the forms set forth in Appendix A, as required to be included in Plaintiff's initial disclosures under D.N.M. LR-Civ 26.3(d)(3) . . . .

Doc. 75 at 1.

Defendants argue that Plaintiff put his physical and medical condition at issue in this case by alleging that Defendants failed to provide reasonable accommodation for Plaintiff's disabilities, failed to provide Plaintiff with required sick leave, and caused Plaintiff emotional distress and anxiety. *Id.* at 3. Therefore, Defendants argue, the Local Rules obligated Plaintiff to disclose medical providers from the five years prior to Plaintiff's employment end date (July 2022) and provide authorization to release medical records from these providers. *Id.* at 3-4.

In response, Plaintiff does not dispute that his physical and mental medical conditions are at issue. He does not oppose providing a list of medical providers whose records he "may use" to support his claims. Doc. 77 at 3. But Plaintiff requests that the signed authorization for release of medical records from these providers be restricted to the dates from January 1, 2021 through December 31, 2023, be limited in scope to certain subject matters, and require the providers to make redactions for certain information pertaining to medical conditions Plaintiff contends are not relevant to this case. Doc. 77 at 4.

## II.      Local Rule 26.3(d)

At issue is the District of New Mexico's Civil Local Rule 26.3(d). Specifically, Local Rule 26.3(d) states in full:

> (d) **Required Initial Disclosure**. In all cases in which the physical or mental medical condition of a party is an issue, the party whose condition is an issue must make a good faith effort to produce the following information that the disclosing party may use to support its claims or defenses, unless solely for impeachment:
>
> > (1) a list of the name, address and phone number of any healthcare provider, including without limitation, any physicians, dentists, chiropractors, mental health counselors, clinics and hospitals which have treated the party within the last five (5) years preceding the date of the occurrence set forth in the pleadings and continuing through the current date;

> (2) all records of such healthcare providers which are already in that party's possession, which will be made available for inspection and copying by all other parties to the action;
>
> (3) for each healthcare provider, a signed authorization to release medical records form, as set forth in Appendix "A." Within fourteen (14) days after receiving medical records by use of these authorization forms, a party must make the records available for inspection and copying by all other parties to the action.

D.N.M.LR-Civ. 26.3(d).

Other judges in this District have acknowledged that this rule is challenging to interpret.

Judge Molzen wrote:

> [O]n its face, Rule 26.3(d) seems to require that a party in Plaintiff's position make a good faith effort to produce the enumerated information only if the party intends to use it to support their claims or defenses. *See* D.N.M.LR-Civ 26.3(d). The language emphasized above was added to Local Rule 26.3(d) as an amendment that became effective July 1, 2002. Formerly, the Rule required disclosure of the same information, for ten years preceding the relevant occurrence rather than five, without reference to whether the information would be used to support the party's claims or defenses. D.N.M. LR-Civ. 26.3(d) (January 25, 1999).
>
> The 2002 amendment of Local Rule 26.3(d) parallels an earlier amendment in 2000 to Rule 26(a) of the Federal Rules of Civil Procedure, which narrowed the initial disclosures required for witnesses and documents to those that the disclosing party "may use to support its claims or defenses." *See* Fed. R. Civ. P. 26(a), Advisory Committee Notes on 2000 Amendments. The Advisory Committee noted that, with the amendment to Fed. R. Civ. P. 26(a), "the disclosure obligation [was now] limited to material that the party may use" and was "no longer tied to particularized allegations in the pleadings." *See id.*
>
> The addition of the "may use to support its claims or defenses" language to Local Rule 26.3(d), though derived from amendments to Fed. R. Civ. P. 26(a), is somewhat confusing and unfortunate. Unlike Fed. R. Civ. P. 26(a), Local Rule 26.3(d) remains tied to the allegations of the parties, operating only when a party places his physical or mental medical condition at issue. *See* D.N.M.LR-Civ 26.3(d). In practice, however, this District has basically read out the "may use to support its claims or defenses" portion of the rule, requiring the disclosure of the enumerated documents and information regardless of whether the disclosing party may, in his own estimation, use the information to support his claims and defenses. *See, e.g., Madrid v. Don Kelly Constr., Inc.*, No. 12cv0451 JB/GBW, 2013 WL 1897826, *5 (D.N.M. Apr. 24, 2013) (describing the obligations under

Rule 26.3(d) in mandatory terms and requiring the plaintiff to sign an affidavit
under oath indicating that he had not been to a physician in more than five years).

*Garcia v. McCauley*, No. 12cv0265 MV/KBM, 2014 WL 12625768, at *4 (D.N.M. Dec. 11,

2014), *adopted in relevant part and overruled in other part by* 2015 WL 12851233, at *2

(D.N.M. Mar. 25, 2015).

## III.    Analysis

When interpreting a statute or rule, the Court must start with the plain language. *Lamie v.*

*U.S. Trustee*, 540 U.S. 526, 534 (2004). Although subsections 1 and 2 of Local Rule 26.3(d) can

be reconciled with the "may use" language preceding those subsections, the plain language of

subsection 3 cannot be so reconciled. The Court considers each subsection in turn.

Standing alone, subsection 1's sweeping language—requiring production of contact

information for *any* provider *without limitation* during a defined time frame—would create an

affirmative obligation to disclose, without a discovery request, more than Federal Rule of Civil

Procedure 26(a) requires. *See* Fed. R. Civ. P. 26(a), Advisory Committee Notes on 2000

Amendments ("The scope of the disclosure obligation is narrowed to cover only information that

the disclosing party may use to support its position."). The rule's "may use" language that

precedes subsection 1, however, can be read as limiting the broad language in subsection 1.

Rather than providing contact information for all providers with whom a party has treated over

the last five years, the "may use" language can be read as limiting production of provider contact

information to those providers who possess information the producing party intends to present in

support of the producing party's claims.[1]

---

[1] Subsection 1's temporal limitation, however, leaves a gap. Consider a party treated by a
provider six years before the date of the incident and upon whom the party intends to rely only
for information about a preexisting condition. Oddly, subsection 1 does not require a party to
disclose contact information for this provider even if the party will use that information at trial.
This, however, does not mean such information is undiscoverable. Federal Rule of Civil

Next, subsection 2's language fits neatly with the "may use" language that precedes it. Subsection 2 requires disclosure of "all records of such healthcare providers which are already in that party's possession . . ."  D.N.M.LR-Civ. 26.3(d)(2). Consistent with other initial disclosure requirements, the "may use" language preceding this subsection limits the term "all records" to mean all medical records already in a party's possession that the party may use to support its claims or defenses. *Id.* Thus, subsection 2 is straightforward and easy to reconcile with the "may use" language.

In contrast, subsection 3 is thoroughly impossible to reconcile with the "may use" language that precedes it. This subsection requires a party to provide "for each healthcare provider, a signed authorization to release medical records form . . . ." The requirement to authorize release of medical records for all providers who have seen a party—even if that list is limited to providers whose records or testimony a party intends to use—is not compatible with the "may use" restriction. Take, as a hypothetical, a plaintiff who sprained his ankle in a car accident and is suing the driver who caused the accident. He sees his primary care provider for the ankle sprain, but this doctor is also treating him during the same time frame for unrelated conditions, such as diabetes, hepatitis, and psoriasis. The disclosure of the name and address of this provider, under subsection 3 comes with the obligation to execute an authorization for release of medical records from that provider. As Plaintiff points out, the authorization that is contained in the Appendix of the Local Rules is general and not limited in subject-matter to conditions such as an ankle sprain. The plaintiff who suffered an ankle sprain is now authorizing

---

Procedure 26(a)(1)(A)(i) requires a party to disclose known contact information for individuals likely to have discoverable information that the party may use to support its claims or defenses. And, parties may propound discovery to obtain more information than Local Rule 26.3 requires to be produced.

disclosure of all the records about his diabetes, hepatitis, and psoriasis, even though the plaintiff will not use such records at trial.

In an attempt to reconcile the language of subsection 3 with the "may use" language that precedes it, Plaintiff proposes disclosing a list of providers Plaintiff "may use" in support of his claims, along with temporal limitations he believes are relevant (January 2021 to December 2023, rather than five years prior to the occurrence which would be July 2017 to the present) and subject-matter-limited authorizations for release of medical records. Doc. 77 at 1. The medical provider authorization forms Plaintiff envisions would then include instructions and restrictions the providers would have to follow before producing the records. These instructions and restrictions would limit disclosure to listed medical conditions, require redactions for a variety of information, and require a privilege log identifying the reasons for the redactions. *Id.* at 4.

Thus, adopting Plaintiff's proposal would require an amendment to the standard general medical release form attached to the local rules as Appendix A. Instead of simply providing medical providers with a release so that they may legally disclose a party's medical records, under Plaintiff's proposal, medical providers would be tasked with sorting through records to discern which should or should not be disclosed. And, for those records to be disclosed, medical providers would have to make appropriate redactions and create a privilege log. Plaintiff provides no reason to believe Local Rule 26.3 empowers the Court to order the staff of non-party medical providers to expend the resources this would consume. Further, even if Local Rule 26.3 conferred such power on the Court, it is doubtful that medical provider staff, who are untrained in the law and unfamiliar with the lawsuit at issue, could effectively perform what is essentially an attorney's job. The cost and burden of sifting through discovery to determine what is and what is not relevant, and what must and must not be redacted, cannot, and should not, be shifted from

the parties onto the medical providers. The Court thus rejects Plaintiff's proposal and turns to Defendants' counterproposal.

Defendants' counterproposal—Plaintiff must disclose *all* providers who have treated him starting five years prior to July 2022 continuing through the present, along with general authorizations for each provider—goes too far. Doc. 81 at 2. To adopt this proposal, the Court would have to read the "may use" language out of Local Rule 26.3, as if it does not exist. A cardinal principle of statutory construction, however, is that all words in a statute or rule are assumed to have meaning and significance. *United States v. Menasche*, 348 U.S. 528, 538-39 (1955) ("It is [the court's] duty to give effect, if possible, to every clause and word of a statute . . . ." (internal quotation marks omitted)). And here, that the "may use" language was intended to have significance is particularly clear given that this language was added to Rule 26.3 after the 2000 amendments to the Federal Rules of Civil Procedure, and tracks the requirements of Federal Rule of Civil Procedure 26(a). *Garcia*, 2014 WL 12625768, at *4. Accordingly, to the extent possible, Local Rule 26.3 should be read in a manner that gives effect to the "may use" language added to the Local Rule.

Because neither Local Rule 26.3's plain language nor the proposals the parties submit can harmonize Local Rule 26.3(d)'s "may use" language with subsection 3's language, the Court turns to another long-recognized principle of statutory interpretation. Where acceptance of a rule's literal meaning would "lead to absurd results" or "would thwart the obvious purpose of the statute," the interpreting court "has some scope for adopting a restricted rather than a literal or usual meaning of its words." *In re Trans Alaska Pipeline Rate Cases*, 436 U.S. 631, 643 (1978). In accordance with this principle, the Court adopts an interpretation of Local Rule 26.3 that recognizes the intent to achieve consistency with the Federal Rules of Civil Procedure and that

does not shift the burden of sorting through medical records from litigants to the uninterested

staff of medical providers who are not parties to the lawsuit. Specifically, the Court holds that a

party is required under Local Rule 26.3(d) to disclose a list of providers who treated the party in

the five years preceding the date of the occurrence to the present, if that party "may use"

information from that provider in support of his claims or defenses. For each provider listed, the

party must execute a general authorization for release of medical records in the format provided

in Appendix A, with no restrictions or modifications to this template.

    As such, the Court will grant the motion only in part and require Plaintiff to produce a list

of, and signed authorizations for, such providers as Plaintiff believes in good faith he "may use"

in support of his claims.[2] If, after Plaintiff produces this list and the signed authorizations, the

parties disagree about whether records related to a particular condition should be subject to a

protective order, the parties can bring this dispute to the Court for resolution.

## IV.    Interrogatory No. 22

    This is not to say the information Defendants seek—a list of and authorizations from *all*

providers in the five years preceding the date of occurrence, without limitation to whether

Plaintiff intends to use that information—is not discoverable. Indeed, because of the presence of

the "may use" language in Local Rule 26.3(d), a defendant would be better served using

interrogatories and requests for production that do not contain this limitation. *See, e.g.*,

*Showmaker v. Taos Ski Valley*, No. 20cv447 JAP/SCY, 2020 WL 12754256, at *3 (D.N.M. Dec.

1, 2020) (granting a motion to compel responses to discovery and noting that the discovery

requested was broader than the plain language of Local Rule 26.3).

---

[2] This section of the present Order is limited to addressing what disclosure Local Rule 26.3
requires Plaintiff to provide. It does not address what information Defendants might otherwise be
entitled to obtain under the Federal Rules of Civil Procedure.

In this case, however, Defendants expressly move to compel Plaintiff to satisfy his obligations under Local Rule 26.3(d), not broader discovery obligations. Doc. 75 at 1. To the extent Defendants conducted discovery under the assumption that they need not use written discovery in order to obtain information they believed already discoverable under Local Rule 26.3, such an assumption is understandable. Local Rule 26.3 is ambiguous and judges within this District have interpreted it in different ways. As such, the Court would grant Defendants additional discovery on this topic if requested.

Along these lines, the Court recognizes that Defendants' motion references their Interrogatory No. 22 and contends that Plaintiff's response to this interrogatory was insufficient. Doc. 75 at 3. Interrogatory No. 22 requested that Plaintiff:

> identify by name(s) and address(es) each hospital, medical facility or healthcare professional from whom you sought treatment in the ten (10) years preceding the Incident, including for any physical, mental, psychiatric, psychological, and/or substance abuse conditions; specify inclusive dates of the treatment(s) and the reason for such treatment.

*Id.* Undoubtedly, the scope of information requested in this interrogatory is broader than the scope of information Local Rule 26.3(d) requires to be disclosed. The interrogatory does not contain the limiting "may use" language found in Local Rule 26.3(d) and the interrogatory expands the time frame (ten years instead of five) of the records requested.

However, Defendants' motion does not address, and makes no argument in support of, a ten-year time frame. In addition, the interrogatory does not seek medical authorizations. Defendants' request for relief in their present motion (five years of provider information plus medical authorizations) is therefore different from the information Interrogatory No. 22 requests. Because the Court limits its analysis to the relief Defendants request, it does not address whether a motion to compel other information responsive to Interrogatory No. 22 would have merit.

V.    **Pretrial Deadlines**

Defendants move to extend all unexpired pretrial deadlines by 16 weeks, arguing that Plaintiff's refusal to produce the provider list and medical authorizations has prevented Defendants' expert from preparing his report by the current deadline, which was October 24. Doc. 76. Plaintiff opposes the request. Doc. 78.

The Court agrees that because Plaintiff's medical condition is at issue, Defendants should have Plaintiff's signed authorizations and Plaintiff's medical records before they are required to disclose their expert. Therefore, the Court finds good cause to extend the scheduling order deadlines. The Court also finds that the time needed to obtain medical records from providers is unpredictable. At this stage, Defendants still do not have a full list of providers and signed authorizations from Plaintiff. The Court will extend the deadlines by an additional month on top of Defendants' request due to the length of time required to brief the motion and issue this order, and will be receptive to further requests for extension of time if there are delays in obtaining the authorizations and records.

## CONCLUSION

THEREFORE, IT IS ORDERED THAT Defendants' Motion To Compel Plaintiff's Disclosures Under D.N.M. LR-Civ. 26.3(d), Doc. 75, is GRANTED IN PART and DENIED IN PART. Within 7 days of the date of this Order, Plaintiff shall produce:

- a list of the name, address and phone number of any healthcare provider, including without limitation, any physicians, dentists, chiropractors, mental health counselors, clinics and hospitals, which have treated Plaintiff from July 2017 and continuing through the current date, if Plaintiff may use information from that provider in support of his claims; and

- for each healthcare provider listed, a signed authorization to release medical and mental health records form as set forth in Appendix "A," with no modifications or restrictions not already contained in the form.

Failure to follow this order may result in sanctions, to include dismissal of Plaintiff's lawsuit.

IT IS FURTHER ORDERED THAT Defendants' Motion To Extend Pending Pretrial Deadlines, Doc. 76, is GRANTED. The Court sets the following deadlines:

Defendants' Rule 26(a)(2) expert disclosure:                March 13, 2026

Termination date for discovery:                             April 23, 2026

Motions relating to discovery to be filed by:               May 13, 2026

Pretrial motions other than discovery motions filed by:     June 1, 2026

**SO ORDERED.**

**STEVEN C. YARBROUGH**
**UNITED STATES MAGISTRATE JUDGE**