## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

MATTHEW CHANNON,

        Plaintiff,

    vs.                             Civ. No. 24-1124 WJ/SCY

LIBERATION DISTRIBUTION, LLC; and
INSPERITY, INC., d/b/a ADMINISTAFF
COMPANIES, INC. GP LTD,

        Defendants.

### ORDER DEFERRING RULE ON MOTION FOR SANCTIONS
### AND DISMISSAL WARNING

This matter comes before the Court on Defendants' Motion For Sanctions Against Plaintiff Matthew Channon. Doc. 99. Plaintiff did not file a response to the motion, and his time to do so has expired. Doc. 100. The Court will defer ruling on the motion, but warns Plaintiff that Defendants' request to dismiss the case will be granted if Plaintiff does not comply with the Court order to provide medical releases within 30 days.

## BACKGROUND

Local Rule 26.3(d) requires a party whose physical or mental medical condition is at issue to provide authorizations for release of medical records in the format set forth in Appendix A to the rules. Plaintiff put his physical and medical condition at issue in this case by alleging that Defendants failed to provide reasonable accommodation for Plaintiff's disabilities, failed to provide Plaintiff with required sick leave, and caused Plaintiff emotional distress and anxiety. However, to date, Plaintiff has not provided the required medical authorizations.

Defendants first requested that the Court resolve this issue informally in a status conference held July 24, 2025. Doc. 62. The Court advised Plaintiff of the requirements of the

local rule, but did not issue any orders at that time. *Id.* Plaintiff agreed to provide medical releases, but disagreed with Defendants on the scope of the releases. Doc. 70. The parties could not reach an agreement on the scope, and so on October 9, 2025, Defendants filed a formal motion to compel Plaintiff to provide signed authorizations from every healthcare provider which has treated Plaintiff within the last five years preceding the date of occurrence set forth in the proceedings (that is, starting from July 2017) and continuing through the current date. Doc. 75.

Plaintiff opposed that motion. Doc. 77. In response, Plaintiff did not dispute that his physical and mental medical conditions are at issue. He did not oppose providing a list of medical providers whose records he "may use" to support his claims. Doc. 77 at 3. But Plaintiff requested that the signed authorization for release of medical records from these providers be restricted to the dates from January 1, 2021 through December 31, 2023, be limited in scope to certain subject matters, and require the providers to make redactions for certain information pertaining to medical conditions Plaintiff contended are not relevant to this case. Doc. 77 at 4.

On December 16, 2025, the Court granted Defendants' motion in part. The Court noted that Local Rule 26.3(d) is "challenging to interpret." Doc. 96 at 3. On its face, the Local Rule mirrors the requirement of the Federal Rules' initial disclosure requirement to produce information "only if the party intends to use it to support their claims or defenses." *Id.* But for practical purposes, a party cannot limit medical authorizations to only those records which it intends to use to support a claim or defense. *Id.* at 5-7. Therefore, the Court adopted "an interpretation of Local Rule 26.3 that recognizes the intent to achieve consistency with the Federal Rules of Civil Procedure and that does not shift the burden of sorting through medical

records from litigants to the uninterested staff of medical providers who are not parties to the lawsuit." *Id.* at 7-8. Specifically, the Court held that:

> A party is required under Local Rule 26.3(d) to disclose a list of providers who treated the party in the five years preceding the date of the occurrence to the present, if that party "may use" information from that provider in support of his claims or defenses. For each provider listed, the party must execute a general authorization for release of medical records in the format provided in Appendix A, with no restrictions or modifications to this template.

*Id.* at 8. Therefore, the Court ordered:

> Within 7 days of the date of this Order, Plaintiff shall produce:
>
> - a list of the name, address and phone number of any healthcare provider, including without limitation, any physicians, dentists, chiropractors, mental health counselors, clinics and hospitals, which have treated Plaintiff from July 2017 and continuing through the current date, if Plaintiff may use information from that provider in support of his claims; and
>
> - for each healthcare provider listed, a signed authorization to release medical and mental health records form as set forth in Appendix "A," with no modifications or restrictions not already contained in the form.

*Id.* at 10. The Court additionally warned:

> Failure to follow this order may result in sanctions, to include dismissal of Plaintiff's lawsuit.

*Id.* at 11.

Seven days after the issuance of that order fell on December 23, 2025. Plaintiff did not file objections to the order or move to stay the obligation to provide releases.[1] On January 14, 2026, however, Defendants advised that Plaintiff had not complied with this order. Doc. 99. Defendants therefore requested "the most extreme sanctions" available under the Federal Rules, as well as attorney's fees for bringing the Motion to Compel to obtain the authorization, and

---

[1] Plaintiff filed objections to a different order issued on the same day. Docs. 95 & 97. These objections do not discuss or object to the order to provide medical authorizations.

attorney's fees for bringing this motion. *Id.* at 4. Plaintiff did not file a response within the time permitted under the Local Rules. Doc. 100.

## DISCUSSION

Rule 41(b) allows the court to dismiss an action if the Plaintiff fails to comply with a court order. Fed. R. Civ. P. 41(b); *see also Gripe v. City of Enid, Okla.*, 312 F.3d 1184, 1188 (10th Cir. 2002) ("The Federal Rules of Civil Procedure authorize sanctions, including dismissal, for failing to . . . comply with court rules or any order of the court."). Rule 37(b) likewise authorizes a Court to dismiss an action "[i]f a party . . . fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v).

Plaintiff's continued noncompliance with the order to provide medical releases justifies dismissal with prejudice under *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992). When deciding whether dismissal of a case is an appropriate sanction under *Ehrenhaus*, district courts should consider: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007) (internal citations omitted).

In this case, the first two factors are related. That is, Plaintiff's failure to provide Court-ordered medical authorizations impairs Defendants' ability to defend against Plaintiff's claims and resolve this case. Likewise, Plaintiff's failure to comply interferes with the judicial process by completely halting any movement toward a resolution of the case.

Regarding the third factor (culpability of the litigant), Plaintiff is solely culpable. The Court and defense counsel have repeatedly informed Plaintiff of the requirement to provide

medical releases when a party's medical condition is at issue. Plaintiff, however, has refused to comply. Nor did Plaintiff object to the order, ask for a stay or reconsideration, or even respond to the present motion for sanctions. Instead, Plaintiff appears to have simply ignored the Court's order. Further, because Plaintiff is pro se, no counsel exists against whom fault can be attributed.

The fourth factor (whether Plaintiff has been warned about the possibility of dismissal) also weighs against Plaintiff. When ordering Plaintiff to comply with his discovery obligations, the Court warned Plaintiff: "Failure to follow this order may result in sanctions, to include dismissal of Plaintiff's lawsuit." Doc. 96 at 11. This warning put Plaintiff on clear notice that the sanction Defendants now request would be a consequence of his failure to follow the Court's order.

Finally, no lesser sanction exists to bring Plaintiff into compliance. Defendants' need to defend against Plaintiff's claims would not be served by shifting attorney's fees. This case can proceed only if Plaintiff produces the required medical authorizations. Further, the Court finds it significant that Plaintiff was already warned of the most extreme sanction—dismissal—if he did not provide the releases. This threat was apparently ineffective, as Plaintiff did not comply. Therefore, it is very unlikely that imposition of lesser sanctions would bring Plaintiff into compliance. Given Plaintiff's complete disregard of the Court order and subsequent nonparticipation concerning this issue, any sanction less than dismissal would likely result in the same problem: Plaintiff would continue to not obey the Court order and the case would be unable to move forward.

Because dismissal with prejudice is the most extreme sanction, the Court issues this order to grant Plaintiff one final opportunity to comply and avoid dismissal of his case. Within 30 days of this order, Plaintiff shall comply with the obligations outlined in the Court's Order Granting In

Part Defendants' Motion To Compel And Granting Motion To Extend Scheduling Order

Deadlines, Doc. 96 at 10. To repeat:

Within 30 days of the date of this Order, Plaintiff shall produce:

- a list of the name, address and phone number of any healthcare provider, including without limitation, any physicians, dentists, chiropractors, mental health counselors, clinics and hospitals, which have treated Plaintiff from July 2017 and continuing through the current date, if Plaintiff may use information from that provider in support of his claims; and

- for each healthcare provider listed, a signed authorization to release medical and mental health records form as set forth in Appendix "A," with no modifications or restrictions not already contained in the form.

Further, within 30 days of the date of this Order, Plaintiff shall file a certificate of

compliance on the docket, indicating that he has complied with the order and served the signed

medical authorizations on Defendants. Given the length of time and number of chances Plaintiff

has already been provided to comply with the order, and yet has failed to do so, the Court will

not be inclined to grant extensions of this deadline.

**Failure to timely provide the authorizations and file this certificate will result in**

**dismissal of this case with prejudice**.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE