IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MATTHEW CHANNON,

      **Plaintiff,**

vs.                              **No. 1:24-cv-01124-WJ-SCY**

LIBERATION DISTRIBUTION, LLC; and
INSPERITY, INC., d/b/a ADMINISTAFF
COMPANIES, INC. GP LTD.,

      **Defendants.**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court on the Defendants' Motion for Sanctions Against Plaintiff Matthew Channon **[Doc. 99]** and the Court's Order Deferring Ruling on Motion for Sanctions and Dismissal Warning **[Doc. 101].** Under the authority granted by Fed. R. Civ. P. 11, 37(b)(2)(A)(v), and 41(b), the Court grants the Defendants' Motion for Sanctions and dismisses this case with prejudice.

### Factual and Procedural Background

Plaintiff Matthew Channon filed his Complaint on November 4, 2024, 2024. **[Doc. 1]**.  In his Complaint, as well as in his First Amended Complaint, he sought damages from Defendants for allegedly failing to provide reasonable accommodation for Plaintiff's disabilities, failing to provide Plaintiff required sick leave, and causing Plaintiff emotional distress and damages. **[Doc. 1; Doc. 18]**.  The allegations of Plaintiff's Complaint placed his physical and medical condition at issue in this case.  Therefore, under the Federal Rules of Civil Procedure and the Court's Local Rules, Defendants were entitled to obtain discovery relevant to Plaintiff's physical and medical

condition, including being provided authorizations to obtain Plaintiff's medical records. *See* Fed. R. Civ. P. 26(b); D.N.M.LR-Civ. 26.3(d).

Plaintiff has failed to provide medical authorizations to Defendants throughout this proceeding. Defendants first sought to have the Court resolve this dispute informally during a July 24, 2025, status conference before the assigned Magistrate Judge. **[Doc. 62; Doc. 101 at 1-2]**. At the status conference, the Magistrate Judge advised Plaintiff of the requirements of D.N.M.LR-Civ. 26.3(d). **[Doc. 62]**. At that time, Plaintiff agreed to provide the medical releases, but disagreed with Defendants as to the scope of the releases. **[Doc. 101 at 2; Doc. 70]**.

When no agreement could be reached, Defendants filed a formal Motion to Compel Plaintiff to provide the signed authorizations from each health care treatment provider from July 2017 to the current date. **[Doc. 75]**. Plaintiff opposed the Motion to Compel. **[Doc. 77]**. Plaintiff did not contend that his physical and mental conditions were not at issue, nor did he oppose providing a list of medical providers whose records he might use to support his claims. **[Doc. 77 at 3]**. However, he did argue that the authorizations should be limited in scope to certain subject matters, should be limited to three years rather than five years, and that the health care providers should redact information pertaining to certain medical conditions the Plaintiff contends are not relevant to the case. **[Doc. 77 at 4]**.

The Court granted the Motion to compel, in part, concluding that Plaintiff cannot limit discovery to only those records he intends to use to support his claims. **[Doc. 96]**. In its Order on the Motion to compel, the Court held:

> "A party is required under Local Rule 26.3(d) to disclose a list of providers who treated the party in the five years preceding the date of the occurrence to the present, if that party 'may use' information from that provider in support of his claims or defenses. For each provider listed, the party must execute a general authorization for release of medical records in the format provided by Appendix A.

2

with no restrictions or modifications to the template."

**[Doc. 96 at 7-8]**.  The Court ordered:

> "Within 7 days of the date of this Order, Plaintiff shall produce:
>
> - a list of the name, address and phone number of any healthcare provider, including without limitation, any physicians, dentists, chiropractors, mental health counselors, clinic and hospitals, which have treated Plaintiff from July 2017 and continuing through the current date, if Plaintiff may use information from that provider in support of his claims; and
> - for each healthcare provider listed, a signed authorization to release medical and mental health records form as set forth in Appendix "A," with no modifications or restrictions not already contained in the form.

**[Doc. 96 at 8]**.  Last, the Court expressly warned Plaintiff that "[f]ailure to follow this order may result in sanctions, to include dismissal of Plaintiff's lawsuit."  **[Doc. 96 at 11]**.  The deadline for Plaintiff to comply with the Order fell on December 23, 2025.  Plaintiff did not respond or object to the Order and did not move for an extension or stay of the obligation to provide medical authorizations.

Defendants filed their Motion for Sanctions on January 14, 2026, notifying the Court that Plaintiff had not complied with the deadline, and seeking extreme sanctions for Plaintiff's failure to provide the required medical authorizations.  **[Doc. 99]**. Under D.N.M.LR-Civ. 7.4(a), Plaintiff had 14 days to file a response in opposition to the Motion for Sanctions.  Plaintiff did not file any response, much less a timely response, to the Motion and, therefore was deemed to have consented to granting of the Motion.  D.N.M.LR-Civ. 7.1(b).  The Court, however, gave Plaintiff yet one more chance to comply.  On January 30, 2026, the Magistrate Judge issued his Order Deferring Ruling on Motion for Sanctions and Dismissal Warning.  **[Doc. 101]**.  In the Order, the Court stated:

> "within 30 days of the date of this Order Plaintiff shall file a certificate of compliance on the docket, indicating that he has complied with the order and served the signed medical authorizations on Defendants."

**[Doc. 101 at 6]**.  The Order concluded with a bolded warning:

> **"Failure to timely provide the authorizations and file this certificate will result in dismissal of this case with prejudice.**"

**[Doc. 101 at 6].**  More than 30 days has now elapsed, and Plaintiff has not filed the required certification or, for that matter, anything else in the Court record.  Plaintiff's repeated failures evince a clear intent not to comply with the rules, not to comply with the Court's orders, and, in effect, not to prosecute this case.  *See* Fed. R. Civ. P. 41(b). Therefore, consistent with the rules, the Court's orders, and the Court's warnings, the Court will grant the Defendants' Motion for Sanctions and will dismiss this case with prejudice.

### *Ehrenhaus* Standards for Imposition of Extreme Dismissal Sanction

Although dismissal is an "extreme sanction" not "to be taken lightly," it is a permissible option, because "district court judges need to be able to control their courtrooms.**"**  *King v. Fleming*, 899 F.3d 1140, 1149 (10th Cir. 2018). The Tenth Circuit reasoned that, "because dismissal with prejudice defeats altogether a litigant's right to access to the courts, it should be used as a weapon of last, rather than first, resort." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).[1]  Dismissal is "appropriate only when the aggravating factors like bad faith or willfulness

---

[1] The *Ehrenhaus* case dealt with sanctions for misconduct under Rule 37 relative to the discovery process, but the Tenth Circuit has recognized that the factors set forth in *Ehrenhaus* are also appropriately considered for cases arising under Rule 11 or a court's inherent power to sanction. *See King v. Fleming*, 899 F.3d 1140, 1150 (10th Cir. 2018); *Mobley v. McCormick*, 40 F.3d 337 (10th Cir. 1994); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993) (using *Ehrenhaus* factors to dismiss a plaintiff's complaint with prejudice "for noncompliance with court orders." 996 F.2d 261, 264 (10th Cir. 1993)).

outweigh the judicial system's strong predisposition to resolve cases on their merits." *Id.* However, "willful failure" can be "any intentional failure" and no *wrongful* intent need be shown. *In re Standard Metals Corp.,* 817 F.2d 625, 628 (10th Cir. 1987).

In determining what sanctions to impose, the Court should consider factors such as:

(1) the degree of actual prejudice to the defendant;

(2) the amount of interference with the judicial process;

(3) the culpability of the litigant;

(4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and

(5) the efficacy of lesser sanctions.

*Ehrenhaus,* 965 F.2d at 921. The first three factors aid the Court in deciding whether to apply any sanction. *King v. Fleming*, 899 F.3d 1140, 1150, n.15 (10th Cir. 2018). The last two inform on whether dismissal or a lesser sanction is appropriate. *Id.*, cited in *Jaiyeola v. Garmin Int'l, Inc.*, No. 2:20-CV-02068-HLT, 2021 WL 2515023, at *13 (D. Kan. June 18, 2021). This list of factors "is not exhaustive, nor are the factors necessarily equiponderant." *Atlas Res., Inc. v. Liberty Mut. Ins. Co.*, 291 F.R.D. 638, 643 (D.N.M. 2013) (citing *Archibeque v. Atchison, Topeka, and Santa Fe Railway Co.,* 70 F.3d 1172, 1174 (10th Cir.1995).

### **Extreme Sanctions are warranted under the *Ehrenhaus* Factors**

The Court concludes that the *Ehrenhaus* factors preponderate heavily in favor the extreme sanction of dismissal in this case. The Plaintiff's clear intent to restrict and limit discovery to information that supports his claims, without allowing discovery of potential defensive evidence, is contrary to and defeats the Court's obligation to resolve disputes fairly and justly on the merits. Plaintiff has been given multiple opportunities, which he has ignored, and has been repeatedly

warned of the consequences.  Therefore, as a last resort, the Court will impose the extreme sanction of dismissal. *Ehrenhaus*, 965 F.2d at 920.

    1.   The Degree of Actual Prejudice to Defendants.

The Federal Rules of Civil Procedure are to be administered "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.  To that end, parties to a lawsuit "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . .information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).  Discovery of Plaintiff's medical records and bills is essential to defense of Plaintiff's claims and damages. Plaintiff's refusal to permit discovery of that crucial information essentially blocks the ability to defend the case and is highly prejudicial Defendants.

    2.   The Amount of Interference with the Judicial Process.

The Court has been dealing with Plaintiff's refusal to provide medical authorizations for more than seven months.  Plaintiff's intentional non-compliance with the Court's directions to produce the signed authorizations has necessitated two extensions of the Fed. R. Civ. P. 16(b) scheduling order deadlines. **[Doc. 71, 96]**. The Plaintiff's conduct has substantially interfered with the judicial process in this case and is contrary to the goals of Fed. R. Civ. P. 1.

    3.  The Culpability of the Litigant.

Plaintiff elected to receive notice of electronic filings on the Court docket by e-mail **[Doc. 4]** and was granted permission to make electronic filings in the CM/ECF system.  **[Doc. 6]**. Nothing in the record suggests that Plaintiff has not received any notice by e-mail through the CM/ECF system or that Plaintiff has had any problem with electronic filing of documents in the CM/ECF system.

Countless discussions and filings have been devoted to Plaintiff's unwillingness to provide discovery related to his medical information. Although initially agreeing to provide discovery of medical information, Plaintiff has gone back on his word and not produced such information. **[Doc. 101 at 2]**. In the end, Plaintiff has ignored Court warnings and orders and has failed to provide requisite discovery. Plaintiff's failure is neither accidental nor inadvertent but, instead appears from the record to be intentional. Based on the record, the Court concludes that Plaintiff's failure is willful and intentional. *In re Standard Metals Corp.,* 817 F.2d at 628. Plaintiff's willful refusal supports the appropriateness of dismissal in this case. *Ehrenhaus*, 965 F.2d at 920.

4. <u>Warnings in Advance of Dismissal.</u>

Plaintiff has been warned several times that failure to provide the required medical authorizations could or would result in dismissal of this case. In the Court's Order granting Defendants' Motion to compel the medical release forms, the Court stated: "[f]ailure to follow this order may result in sanctions, to include dismissal of Plaintiff's lawsuit." **[Doc. 96 at 11]**. In even stronger terms, the Court's January 30, 2026, Order warned "[f]**ailure to timely provide the authorizations and file this certificate will result in dismissal of this case with prejudice.**" **[Doc. 101 at 6].**

Plaintiff has been warned in advance of this dismissal, Plaintiff has chosen to ignore the warnings, and Plaintiff is well aware of the consequences of his decision to disregard the Court's orders.

5. <u>The Efficacy of Lesser Sanctions.</u>

The Court has considered options of lesser sanctions in this case. Based on the facts that (1) medical authorizations enabling discovery of Plaintiff's medical records and bills are essential

to both the defense and the prosecution of this case and (2) that Plaintiff has chosen to ignore warnings of sanctions, up to and including the dispositive sanction of dismissal, the Court concludes that lesser sanctions would have no effect, whatsoever, on Plaintiff's decision not to provide the required discovery.

### Attorney Fees and Costs

In their Motion for Sanctions, Defendants seek an award of attorney fees for bringing the Motion to Compel and for bringing the Motion for Sanctions. **[Doc. 99 at 4]**. Fed. R. Civ. P. 37(a)(5)(A) mandates an award of expenses, including attorney fees, when the Court grants a motion to compel discovery. Therefore, the Court will grant Defendants leave to file an application for an award of fees and costs within 30 days of entry of judgment in accordance with the provisions of D.N.M.LR-Civ. 54.5.

**IT IS ORDERED:**

(1) Plaintiff's Motion for Leve to file Second Amended Complaint **[Doc. 50]** is **DENIED as moot;**

(2) all claims and causes of action that were or could have been brought in this case are **DISMISSED with prejudice** and final judgment will be entered; and

(3) Defendants may file an application for an award of fees and costs consistent with D.N.M.LR-Civ. 54.5 within thirty (30) days after entry of judgment.

/s/_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE

8